COMMISSIONER OF HIGHWAYS OF GARFIELD TOWNSHIP v.
SUPERVISOR OF SPRINGFIELD TOWNSHIP.

*Judgment against highway commissioner—Not attackable in mandamus proceedings against supervisor—Jurisdiction of justice of the peace.*

1. In *mandamus* proceedings against a supervisor to compel the assessment of taxes to pay a judgment rendered against the commissioner of highways, properly certified to him, and which has not been appealed from, vacated, or discharged, the only inquiry that arises is, did the court have jurisdiction?

2. A commissioner of highways is treated by chapter 283, How. Stat., as a [municipal] corporation, and a justice of the peace has no jurisdiction of a suit against such officer, unless conferred by Act No. 312, Laws of 1887.

*Mandamus.* Submitted June 7, 1889. Denied November 1, 1889:

Relator applies for *mandamus* to compel respondent to assess certain taxes. The facts are stated in the opinion.

*William D. Totten* (*J. L. Boyd*, of counsel), for relator, contended:

1. In support of the proposition that the respondent cannot go behind the judgment, in *mandamus* proceedings, counsel cited: *Lloyd v. Circuit Judge*, 56 Mich. 237; *McGunn v. Hanlin*, 29 Id. 480; *Mabley v. Judge of Superior Court*, 32 Id. 190; *O'Brien v. Tallman*, 36 Id. 13.

2. The parties to this record are not the identical parties to the judgment, which cannot be collaterally attacked; citing *Jacobson v. Miller*, 41 Mich. 94; and if they were the same the merits of the case cannot be here reviewed, because once adjudicated; citing *Jacobson v. Miller*, 41 Mich. 90, 94; *LeGuen v. Gouverneur*, 1 Johns. Cas. 436, 502; *Pierson v. Reynolds*, 49 Mich. 224, 225.

3. A commissioner of highways can be sued in justice's court, because—

    a—The statute regulating the general jurisdiction of justices of the peace as against corporations expressly states that " all actions against corporations, except municipal corporations, shall be cognizable before a justice of the peace," etc.; citing How. Stat. § 6361.

    b—A highway commissioner is not a municipal corporation, but on the contrary this Court has held such officer to be a *corporation* in respect to suing and being sued, such suits not being affected by change of incumbents; citing *Commissioners v. Stockman*, 5 Mich. 528, 529; and see, also, How. Stat. §§ 8215–8217.

*Willis B. Perkins*, for respondent, contended for the doctrine stated in the opinion.

LONG, J. On June 18, 1887, a judgment was recovered by the commissioner of highways of the township of Garfield against the commissioner of highways of the township of Springfield, in the county of Kalkaska, before a justice of the peace, for the sum of $100 damages, and $7.20 costs. A certified transcript of the judgment was filed with the supervisor of the township of Springfield in the year 1887, and a demand made upon him to

spread the same upon the tax roll of his township, which he refused to do.  His successor in office for the year 1888 also refused to cause said tax to be levied, or to spread the same upon the tax roll of his township.  Application is made to this Court .for *mandamus* to compel the supervisor to spread this amount, with interest, upon the tax roll of this township.

The respondent's answer admits the judgment, as set forth in the petition, and there is no contention but that the judgment is not appealed from, vacated, or discharged.  The respondent alleges, however, in his answer, that he is not bound to assess the amount of the judgment, and claims the right to go behind the judgment to dispute the grounds upon which it was rendered. This he cannot be permitted to do in this proceeding.

The only inquiry that arises is, did the court have jurisdiction ?  Upon this point it is contended that no suit could be maintained against a highway commissioner of a township before a justice of the peace.   How. Stat. § 6861, provides that—

"All actions against corporations, except municipal corporations, shall be cognizable before a justice of the peace in like manner and with like restrictions as the same are or may be by law before a justice of the peace when brought against an individual."

Chapter 283, How. Stat., specifically confers upon the commissioners of highways the power to bring suits in their name of office, and also provides that actions against any of the officers or bodies named in the second section of that chapter shall be brought against them by the same name in which such officers or bodies are authorized to sue.  Commissioners of highways are required to bring such suits in their name of office, and their individual names are not allowed to be used; and with reference to prosecuting and defending suits, and the

abatement and discontinuance thereof, such officers are treated as a corporation. It is evident that the whole chapter treats such officers as a corporation, the suit being in no way affected by changes of incumbents.

Even if the statute of 1887 now confers jurisdiction upon justices of the peace to hear and determine suits against highway commissioners, the act had not taken effect at the time judgment was so rendered. Act No. 312, Laws of 1887. The justice therefore had no jurisdiction, and the judgment is a nullity.

The writ of *mandamus* must be denied, with costs.

The other Justices concurred.